IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON LEE CHITTUM, # 85895, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1167-JPG |
| ) | |
| MICHAEL HARE, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Madison County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant has repeatedly subjected him to sexual harassment, and retaliated against him for resisting. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

1

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff has been an inmate at the Jail since December 2013. (Doc. 1, p. 6). Officer Hare has allegedly been sexually harassing Plaintiff for several years. Hare's conduct includes "verbal sexual threats," and Hare has also put his hands on Plaintiff's body on "numerous occasions for reasons of a sexual nature." *Id*. Hare has also threatened to make Plaintiff's life in jail much harder if Plaintiff reported Hare's harassment.

In December 2013, Hare began commenting on Plaintiff's body, "cat-calling" him, and making obscene gestures such as simulating oral sex. (Doc. 1, p. 6-7). In response to one such

gesture, Plaintiff called Hare a "faggot," and Hare then locked Plaintiff down for 48 hours. After that, Plaintiff kept quiet in response to Hare's threats and comments. (Doc. 1 p. 7).

Hare escalated his behavior to "actual sexual contact" such as singling Plaintiff out to conduct a body search that would end with Hare fondling Plaintiff's genitals, during which Hare would whisper comments like, "you coming around yet?" (Doc. 1, p. 7). Many times, Hare would slap Plaintiff's buttocks and comment on his physique when he was out of range of surveillance cameras. When Plaintiff yelled at him to stop, Hare would lock Plaintiff down in his cell and tell him that life could be "easier" for him if he would "just let it happen." *Id.*

Plaintiff had himself moved to the S.H.U., which had cameras in the cell, in an effort to stay safe. However, Hare's harassment continued, including an incident when he would not allow Plaintiff to get his clothes after a shower unless Plaintiff lifted his towel and showed Hare his genitals. (Doc. 1, p. 8). Plaintiff reluctantly did so, and Hare said, "I knew you'd come around." *Id.*

Plaintiff then moved to lockdown Block E-S, where Hare's harassment became worse. On many occasions while Plaintiff was out of his cell for recreation, Hare would enter the empty cell, take Plaintiff's pencils, and draw doodles on the wall depicting Hare and Plaintiff engaging in sexual acts. (Doc. 1, p. 8). Plaintiff washed off the drawings and said nothing out of fear of harsher treatment. Once, Hare walked in on Plaintiff while he was showering and commented on Plaintiff's genitals. (Doc. 1, p. 9). Plaintiff yelled at him to get out. When other inmates asked what happened, Plaintiff was too embarrassed to say anything. Another time, Plaintiff was in the E-S Dayroom alone when Hare walked in abruptly, pushed Plaintiff against the wall, grabbed Plaintiff's genitals, and tried to put his mouth on Plaintiff's mouth. Plaintiff tried to get away, but Hare squeezed his testicles tighter and said, "you're gonna stop playing games with me

3

soldier boy." (Doc. 1, p. 9). Plaintiff describes this as the most scared he had ever been in his life, and he was traumatized by the incident.

After a few weeks, Plaintiff was able to move to Block B-S where he would not be by himself. Even so, a few weeks before Plaintiff filed this Complaint, he was last in line on the way to church when Hare came up and told him, "It's not over, I'm gonna get you one way or another." *Id.* Plaintiff believes that an aggravated battery charge that was filed against him on May 7, 2018, was engineered by Hare to retaliate against Plaintiff after he refused to submit to Hare's "homosexual desires." (Doc. 1, pp. 6, 9, 10). Hare had told Plaintiff that he wanted him sexually, after Hare found out that Plaintiff is a combat veteran and had a high-profile case. (Doc. 1, p. 10).

Plaintiff wrote a grievance on Hare because he refused to be his victim any more. He alleges that Hare has targeted other inmates in the same way for years, and Hare needs to be stopped. After filing the instant Complaint, Plaintiff submitted several exhibits (Docs. 6, 8) indicating that an investigation had been opened on Hare, but that it was closed when Plaintiff's accusations were determined to be unfounded. (Doc. 6, p. 2). The exhibits inlcude statements from other detainees describing similar problems with Hare.

As relief, Plaintiff wants Madison County to ensure that he and other inmates will be safe from Hare's "predatory sexual advancements." (Doc. 1, p. 11).

### **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that

4

is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Hare violated Plaintiff's Fourteenth Amendment rights by subjecting him to repeated unwanted sexual comments and physical contact of a sexual nature;
>
> **Count 2:** Hare retaliated against Plaintiff, in violation of the First Amendment, when Plaintiff protested Hare's comments and resisted Hare's sexual advances.

Both claims shall proceed for further review herein.

### Count 1 – Sexual Harassment

Plaintiff's documents indicate that he is being held at the Jail as a pretrial detainee. (Doc. 1, p. 4; Doc. 6, p. 2; Doc. 8, p. 10). The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id.* As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir.

2008); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable").

Complaints over physical contact by a guard against an inmate are often characterized as excessive force claims, such as where "rough or otherwise improper handling . . . causes excessive pain or other harm." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). However, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can [also] violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Id.* at 643 (citing *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939-40 (7th Cir. 2003); *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997)). In fact, some sexual offenses (such as voyeurism or indecent exposure) may involve no touching at all. *Washington*, 695 F.3d at 643. The Seventh Circuit went on to observe, "Sexual offenses forcible or not are unlikely to cause so little harm as to be adjudged *de minimis*, that is, too trivial to justify the provision of a legal remedy. They tend rather to cause significant distress and often lasting psychological harm." *Id.*

Furthermore, where a guard is conducting a pat-down search on a prisoner, which ordinarily does not violate a constitutional right even if the pat-down involves the groin area – if the physical touching goes beyond what is necessary to search for contraband, a constitutional claim may be stated. *See Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1098 (N.D. Ind. 2009) (citing *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). *See also Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) ("Because sexual abuse by a corrections officer may constitute serious

harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.").

The incidents where Hare's conduct did not include physical touching may also support Plaintiff's constitutional claim. *See Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (dismissal of Eighth Amendment claim based on harassment was premature, where plaintiff alleged psychological trauma to the extent of seeking mental health care; harassment was sexual in nature and included physical conduct beyond the verbal harassment; and harassment arguably placed plaintiff at greater danger of assault by other prisoners).

At this stage, Plaintiff's allegations against Hare state a cognizable Fourteenth Amendment claim for sexual abuse. **Count 1** survives review under § 1915A and shall proceed.

**Count 2 – Retaliation**

Prison and jail officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would deter a person of "ordinary firmness" from engaging in First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, __ F. App'x __, No. 17-1709, 2018 WL 1830942 at *3 (7th Cir. Apr. 17, 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d

568, 573 (7th Cir. 2000) (citation omitted).

In Plaintiff's case, he protested on several occasions directly to Hare, objecting to Hare's harassing and sexually inappropriate or threatening conduct. Complaints such as this regarding Plaintiff's conditions of confinement would generally fall under the protection of the First Amendment. Plaintiff alleges that more than once, Hare placed him on lockdown right after Plaintiff spoke out against Hare's behavior. Those incidents support a retaliation claim.

Plaintiff also alleges that Hare caused a "bogus" aggravated battery charge to be filed against him, in retaliation for Plaintiff's objections and refusal to submit to Hare's sexual requests. That aspect of Plaintiff's retaliation claim may be curtailed by the doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), which directs that a federal court should not interfere with a pending state judicial proceeding. However, Plaintiff is not asking this Court to take any action with respect to the pending aggravated battery charge – he is instead seeking injunctive relief to keep him safe from future harassment and assaults by Hare.

At this stage, Plaintiff's retaliation claim in **Count 2** may also proceed for further consideration.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendant **HARE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 26, 2018**

s/J. Phil Gilbert<br>
United States District Judge