IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON LEE CHITTUM,

    Plaintiff,

v.

MICHAEL HARE,

    Defendant.

Case No. 3:18-CV-01167-NJR

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Summary Judgment by Defendant Michael Hare. (Doc. 64). For the reasons set forth below, the Court grants the Motion and dismisses this action with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Brandon Lee Chittum was held as a pretrial detainee in the Madison County Jail, a pre-conviction detention facility operated by the Madison County Sheriff's Department, between December 2013 and May 2019 (Doc. 64-1 at 5). Defendant Hare, an employee of the Madison County Sheriff's Department, was employed as a jail officer at the Madison County Jail on relevant dates within that time period (Doc. 64-2 at 6).

On the morning of May 7, 2018, Hare reported that he had been assaulted by Chittum, indicating that he had noticed apparent contraband pills in Chittum's cell, that he had reached into the cell to take the pills, and that Chittum had then grabbed his arm and prevented him from removing it, resulting in minor abrasions (Doc. 64-3). As a result of this altercation, Chittum was charged with assault (Doc. 64-2 at 47).

Later on the same day as the incident, Chittum wrote Hare a letter in which he appeared to apologize and take responsibility for the incident (Doc. 64-4). Hare stated in deposition testimony that Chittum had also spoken to him directly, asking him to drop the assault charges and noting that such charges could negatively impact his plea negotiations and potential placement in correctional facilities post-sentencing in his main criminal case (Doc. 64-2 at 47-48).

Assault charges against Chittum were not dismissed, and on May 14, 2018, Chittum filed a grievance alleging that Hare had sexually harassed him (Doc. 64-8). As summarized by Major Connor of the Madison County Sheriff's Department, Chittum's grievance alleged that Hare had harassed him "for years" since his entry into the facility in December 2013 with sexual threats and propositions for sexual acts (Doc. 64-8). Chittum further alleged that on various dates Hare had slapped Chittum's ass, grabbed his testicles, attempted to view his penis, and drawn lewd images on the walls of his cell (*Id.*). Chittum did not provide names of any potential witnesses (*Id.*). Certain allegations made by Chittum were directly contradicted by video evidence. For example, Chittum claimed that the aggravated battery charge was retaliation for turning down Hare's advances, though the incident was recorded on video (*Id.*) Similarly, Chittum alleged that Hare had threatened him on a recent date while he was being taken to church, yet video of the date in question indicated that Hare did not speak to Chittum (*Id.*). In response to the grievance, Captain Eales of the Madison County Sheriff's Department conducted an investigation, interviewing Hare, and concluded that Chittum's allegations were unfounded and were "a result of the charges recently filed by the Madison County State's

Attorney against Chittum" (Doc. 64-8 at 3).

Chittum filed a second grievance on June 11, 2018, accusing Hare of having approached him on June 8 and told him to "get your sexy ass in your cell," after which Hare locked him in the cell and told him that he had violated jail rules by covering the air vent (Doc. 64-10). Chittum's second grievance was signed by seven individuals. Six of these were interviewed by Eales, three of whom recalled hearing Hare make some remark about Chittum involving the word "ass." Eales nonetheless found the accusations to be unfounded, finding the witnesses to be unreliable and surmising that Chittum was likely seeking retribution for the battery charge against him (*Id.*).

Chittum filed this action pro se on May 29, 2018, using a letter dated May 9 that appears to be the same as the grievance presented to Major Eales on May 14, outlining a pattern of sexual harassment beginning in December 2013 (Doc. 1). This sexual harassment involved both "verbal sexual threats," and physical contact on "numerous occasions for reasons of a sexual nature" (Doc. 1 at 5). Chittum states that after his arrival at the Madison County Jail, Hare began "cat-calling him," and making obscene gestures such as simulating oral sex. Chittum alleges that Hare then escalated his behavior to "actual sexual contact[,]" singling out Chittum for body searches to touch his genitals and buttocks. Chittum describes additional incidents where he alleges that Hare attempted to observe his genitals when he was showering (Doc. 1 at 8-9). Chittum describes an incident in which Hare allegedly came upon Chittum alone in a dayroom, grabbed Chittum's genitals, forced him against a wall and tried to put his mouth on Chittum's mouth (Doc. 1 at 9).

Chittum alleges that Hare retaliated against him on a number of occasions, placing him in lockdown for 48 hours after Chittum called Hare a "faggot" and that the aggravated battery charge was engineered by Hare as retaliation for Chittum's resistance to his sexual advances.

After filing his initial complaint, Judge Gilbert conducted threshold review of his initial *pro se* complaint under 28 U.S.C. § 1915A, finding that Chittum's claim survived and permitting him to proceed on the following two counts:

> **Count 1**: Hare violated Plaintiff's Fourteenth Amendment rights by subjecting him to repeated unwanted sexual comments and physical contact of a sexual nature
>
> **Count 2**: Hare retaliated against Plaintiff, in violation of the First Amendment, when Plaintiff protested Hare's comments and resisted Hare's sexual advances.

Chittum made several attempts to submit amended complaints but ultimately failed to submit an amended complaint in compliance with applicable local rules, and as such the complaint before the Court today remains his initial complaint (Docs. 21, 24, 27, 29). In January 2019, Hare sought to dismiss this action under Rule 41(b) due to Chittum's repeated failure to comply with the Federal Rules of Civil Procedures and court deadlines, but that motion was denied (Docs. 33, 41, 42). Hare filed for summary judgment on November 9, 2020, and Chittum responded on December 14, 2020.

### LEGAL STANDARD

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED.

R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317,232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Summary judgment should be granted when "the admissible evidence, construed in favor of the non-movant, reveals no genuine issue as to any material facts and establishes that the movant is entitled to judgment as a matter of law. *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 690-91 (7th Cir. 2010). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence[.]" *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)). This does not mean, however, that a mere "scintilla of evidence" will be sufficient to prevent a grant of summary judgment – rather, a court must consider "whether the evidence in the record could support a reasonable jury finding[,]" and "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability" for the non-movant. *Anderson*, 477 U.S. at 252-55. "When opposing

parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Rather, "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.*

## DISCUSSION

In order to succeed on Count 1 of this action, Chittum must present enough evidence that a reasonable fact-finder could be able to conclude that some underlying harassment actually occurred, and that the harassment rose to a level sufficient to constitute a constitutional violation. To succeed in Count 2, Chittum must have evidence not only that harassment occurred, but that Hare retaliated against him when he took steps to reject and remedy that harassment.

Here, Chittum's evidence consists of his own testimony and written grievances and the handwritten letters from "witnesses" that he attached to his complaint. Chittum has not sought depositions or presented affidavits from his "witnesses," and their statements are only presented in the form of letters that are likely inadmissible hearsay— even if they were admissible through some exception to hearsay, they appear to deal with separate incidents of alleged harassment against other inmates and thus would constitute inadmissible character evidence rather than corroborating Chittum's account. As such, Chittum's own testimony is the only evidence to be considered at summary judgment, which must be based on evidence that could be presented in an admissible form at trial.

Chittum's own testimony is unreliable and inconsistent on certain points. He

claims never to have assaulted Hare, yet his letter of May 7, 2018, appears to take responsibility for that act, and review of video footage by jail officials found that it did in fact occur. Similarly, Chittum alleged that Hare had made threatening remarks while he was being taken to church, yet review of security video by jail officials indicated that Hare did not speak with Chittum. In addition to these inconsistencies, there is the matter of Chittum's timing. Chittum has alleged that acts of harassment took place over years, between 2013 and 2018, yet he began to file grievances and complaint about Hare only on March 14, 2018, immediately after learning that assault charges against him arising from his altercation with Hare would not be dropped. It is not the place of the Court to weigh Chittum's credibility at summary judgment. Where his statements are directly contradicted by records and recordings, however, the Court should not take his clearly fictive version of events at face value. Noting the glaring holes in Chittum's limited evidence, reviewing the record as a whole, the Court must come to the conclusion that no reasonable jury could possibly find for Chittum and grant summary judgment on Count 1.

For Count 2, Chittum's own statements again will not prevent summary judgment from being granted where his allegations are directly contradicted by video recordings. Chittum alleges that the assault charge against him was retaliatory, yet review of video footage demonstrated that Chittum did in fact assault Hare (Doc. 64-8). Similarly, Chittum alleges that he was placed on 48-hour lockdown as retaliation for resisting Hare's advances, yet a review of records indicated that Chittum had been locked down on five occasions during his time at Madison County Jail, but never for more than

24 hours, and no lockdown was initiated by Hare (*Id.*). Chittum does not appear to allege any other retaliatory action. As these allegations are directly contradicted by records, there does not appear to be a genuine issue of fact, and even with the evidence construed in the light most favorable to Chittum, no reasonable finder of fact could rule in his favor. Accordingly, the Court grants summary judgment on Count 2.

## CONCLUSION

The Court **GRANTS** Hare's Motion for Summary Judgment (Doc. 64) and **DISMISSES** this action **with prejudice**. The Court **DIRECTS** the Clerk of Court to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 18, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**